**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC, | § § § | |
| *Plaintiffs*, | § § | Case Number 6:21-cv-01088-ADA |
| v. | § § | **JURY TRIAL DEMANDED** |
| GENERAL MOTORS COMPANY and GENERAL MOTORS LLC, | § § § | |
| *Defendants*. | § § | |

## JOINT MOTION TO ENTER SCHEDULING ORDER

**TO THE HONORABLE COURT:**

Pursuant to the Court's Order to meet and confer in advance of the Rule 16 case management conference and the Court's Order Governing Proceedings ("OGP"), the Parties have agreed on a proposed scheduling order pre-*Markman*. However, the Parties have been unable to come to agreement on the proposed trial date(s) and the schedule for deadlines post-*Markman* hearing. As such, and pursuant to the OGP, the Parties set forth their competing positions on a the post-*Markman* schedule. Plaintiffs' Proposed Scheduling order is attached as **Exhibit A**. Defendants' Proposed Scheduling Order is attached as **Exhibit B**. The parties have also included a side-by-side comparison of Plaintiffs and Defendants' proposals as **Exhibit C.**

The parties agree on the dates for all deadlines through the *Markman* hearing, which they propose takes place on September 14, 2022. In accordance with the OGP, the parties briefly set forth their respective positions on the case deadlines following the *Markman* hearing, including the close of fact discovery, expert discovery deadlines and the trial date(s).

**Plaintiffs' Position:**

Plaintiffs' Proposed Scheduling Order (Exhibit A) adopts the Court's Default Schedule and includes dates in line with the Court's Default Schedule post-*Markman*. Defendants contend that the default trial date of July 10, 2023 is improper because of reciprocal extensions agreed upon by the parties, including preliminary infringement and invalidity contentions, claim construction, and *Markman* hearing.  Plaintiffs disagree. The parties discussed specific dates that would be moved as a result of the reciprocal extensions, an extension of the trial date was never discussed and Plaintiffs would not have agreed to such extensions if the trial date was to be moved. (*See* Attachment D, Email from Defendants' counsel discussing dates moved per extension).  The parties agreed to reciprocal extensions with the understanding that the trial date of July 10, 2023 remains intact. In the alternative, Defendants propose dates post-*Markman* that are months slower than what is contemplated by the OGP. Not only is Defendants' proposal inefficient and wasteful of the Court's time, but also a delay tactic designed to enhance Defendants' pending IPR challenge. In particular, the Patent Trial and Appeals Board considers the relative trial schedule against the IPR schedule when determining whether to institute trial. *See e.g.*, *NHK Spring Co., Ltd. v. Intriplex Technologies*, IPR2018-00752, Paper No. 8 (P.T.A.B. Sept. 12, 2018)(precedential) (the Board denied institution under § 314(a) where the parallel district court proceeding was scheduled to finish six months before the Board would have reached a final decision in an IPR if one were instituted) and *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 11 at 2–3 (PTAB Mar. 20, 2020) (informative) ("NHK applies to the situation where the district court has set a trial date to occur earlier than the Board's deadline to issue a final written decision in an instituted proceeding."). Without adherence to the Court's Default Schedule,  Defendants would be allowed to argue to the PTAB that there is a delayed trial scheduled and that the IPR should proceed accordingly.

Moreover, the Court has already addressed a similar issue in *WSOU v. Microsoft*, 6:20-cv00454, in which the Court adopted WSOU's proposed schedule across all related cases. *See also Far North Patents, LLC v. NXP USA, Inc*., 1-20-cv-00397 (WDTX) (8/1/2020 text-only docket entry) ("After careful review, the Court adopts Plaintiff's version given that it more closely tracts the Court's default schedule and Defendants have not provided sufficient reasons to depart from that."). The Plaintiffs have included a side-by-side comparison of Plaintiffs and Defendants' proposals and OGP 3.2 as Exhibit D.

**Defendants' Position:**

As explained above, the parties have reached agreement on all deadlines through the *Markman* hearing. This agreement included Defendants agreeing to Plaintiffs' request for a three week extension of their Preliminary Infringement Contention deadline, and as a result, adjusting other pre-*Markman* deadlines. Notwithstanding Plaintiffs currently asserting 12 unrelated patents[1] and a total of 130 asserted claims, Defendants' proposed Scheduling Order (Exhibit B) tracks[2] the Exemplary Schedule set forth in Exhibit A to OGP Version 3.5.1.[3] Specifically, Defendants' proposal sets the close of fact discovery to be April 12, 2023 (i.e., 30 weeks after *Markman* hearing), close of expert discovery to be June 13, 2023 (i.e., 38 weeks after *Markman* hearing), and Jury Selection / Trial to be September 13, 2023 (i.e., 52 weeks after *Markman* hearing).

In contrast to Defendants' Proposed Scheduling Order, Plaintiffs' Proposed Scheduling Order actually seeks to *shorten* the post-*Markman* deadlines by 9-10 weeks and appears to be based on the false premise that Defendants filed and there are pending IPR petitions on the asserted

---

[1] The 12 asserted patents are not related to each other with the exception of two patents (i.e., U.S. Patent Nos. 9,681,466 and 10,292,138).

[2] To accommodate for GM's mandatory vacation time the first week of July, the deadlines for serving Pretrial Disclosures is pushed back one week to July 12, 2023 along with the corresponding subsequent deadlines.

[3] Defendants contend OGP version 3.5.1 is the applicable OGP version for this case, not OGP 3.2 as referenced by Plaintiffs.

patents. During the parties' meet and confer process, Plaintiffs failed to articulate any justification

for the compressed schedule or why this case warranted an accelerated schedule, especially in view

of the complexity of the case and assertion of 12 patents.  In fact, Plaintiffs' counsel indicated its

proposal to potentially have two trials (e.g., July 10, 2023 and August 7, 2023), if necessary, is to

try to accommodate the assertion of 12 patents.  Importantly, both of these proposed trial dates are

less than 52 weeks after the September 14, 2022 *Markman* hearing.

Accordingly, Defendants submit that the Court should adopt their Proposed Scheduling

Order set forth in Exhibit B.


DATED:  February 25, 2022                    Respectfully submitted,

                                             By: */s/ Mark D. Siegmund_____*
                                             Mark D. Siegmund
                                             State Bar No. 24117055
                                             **STECKLER WAYNE CHERRY & LOVE,**
                                             **PLLC**
                                             8416 Old McGregor Road
                                             Waco, Texas   76712
                                             Telephone:  (254) 651-3690
                                             Facsimile:  (254) 651-3689
                                             Email:  mark@swclaw.com

                                             Jonathan K. Waldrop (CA Bar No. 297903)
                                             (Admitted in this District)
                                             jwaldrop@kasowitz.com
                                             Darcy L. Jones (CA Bar No. 309474)
                                             (Admitted in this District)
                                             djones@kasowitz.com
                                             Marcus A. Barber (CA Bar No. 307361)
                                             (Admitted in this District)
                                             mbarber@kasowitz.com
                                             ThucMinh Nguyen (CA Bar No. 304382)
                                             (Admitted in this District)
                                             tnguyen@kasowitz.com
                                             John W. Downing (CA Bar No. 252850)
                                             (Admitted in this District)
                                             jdowning@kasowitz.com
                                             Heather S. Kim (CA Bar No. 277686)

(Admitted in this District)
hkim@kasowitz.com
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Phone: (650) 453-5170

*Attorneys for Plaintiffs*
*Intellectual Ventures I LLC, and*
*Intellectual Ventures II LLC*

By: /s/ Jeffrey D. Mills
Steven M. Zager (State Bar 2241500)
szager@kslaw.com
Jeffrey D. Mills (State Bar 24034203)
jmills@kslaw.com
KING & SPALDING LLP
500 West 2nd Street
Suite 1800
Austin, TX 78701
Phone: (512) 457-2040

Allison H. Altersohn (*Pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
aaltersohn@kslaw.com
Phone: (212) 556-2316

Stephen E. Baskin (*Pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
2nd Floor
Washington, DC 20006
sbaskin@kslaw.com
Phone: (202) 737-0050

*Attorneys for Defendants*
*General Motors Company and*
*General Motors LLC*

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record, on this the 26th day of February, 2022.

*/s/ Mark D. Siegmund*
Mark D. Siegmund